# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

AUGUST TERM 2020
No. 20-1563

**UNITED STATES OF AMERICA,**
*Appellee,*

v.

**ANTHONY SALADINO,**
*Defendant-Appellant.*[*]

On Appeal from the United States District Court
for the Eastern District of New York

SUBMITTED : MAY 28, 2021
DECIDED: AUGUST 4, 2021

Before:      SACK, LYNCH, and MENASHI, *Circuit Judges.*

Anthony Saladino appeals the district court's denial of his motion for compassionate release. Saladino argues that the district court erred in holding that his failure to satisfy the administrative

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) meant that the district court lacked jurisdiction to consider his motion. We agree with Saladino and hold that 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional. On appeal, the government withdraws any defense based on Saladino's failure to exhaust. In light of the government's waiver, we **VACATE** the decision below and **REMAND** for the district court to consider Saladino's motion on the merits.

Judge Menashi concurs in a separate opinion.

––––––––––

Artie McConnell (Kevin Trowel, *on the brief*), Assistant United States Attorneys, for Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Appellee.*

Christopher J. Cassar, The Cassar Law Firm, P.C., Huntington, New York, *for Defendant-Appellant*.

––––––––––

PER CURIAM:

As part of the First Step Act of 2018, Congress authorized courts to consider an inmate's motion for a discretionary sentence modification for "extraordinary and compelling reasons," often colloquially called a motion for compassionate release. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (amending 18 U.S.C. § 3582(c)(1)(A)). Previously, a court could grant compassionate release only upon a motion from the Director of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A) (2012). Still, the newly amended provision permits an inmate to move for compassionate release only

"after the [inmate] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [inmate's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the [inmate's] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Today we clarify that this exhaustion requirement is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release. Rather, § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government. Because the government has now withdrawn any defense based on the appellant's prior failure to exhaust his administrative remedies in this case, we vacate the district court's dismissal of the appellant's motion for compassionate release and remand for the district court to consider the motion on the merits.

## BACKGROUND

On April 6, 2018, Anthony Saladino pleaded guilty, pursuant to a plea agreement, to racketeering conspiracy and conspiracy to distribute over 500 grams of cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). He was sentenced to a term of 63 months' imprisonment.

On April 17, 2020, Saladino filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that given his medical condition, the threat of COVID-19 justified his early release from prison. At the hearing on the motion before the district court, Saladino admitted that he failed to exhaust his administrative remedies as required by statute. Instead, he asked the district court to excuse his failure to exhaust. In response, the government argued that the exhaustion requirement was "non-waivable." Gov't App'x 5. The district court agreed with the government and denied Saladino's

3

motion "because [Saladino] failed to exhaust [his] administrative remedies, which are non-waivable." Gov't App'x 5-6. Saladino timely appealed.

On September 3, 2020, while this appeal was pending, Saladino filed a second motion for compassionate release in the district court, raising the same arguments as his first motion. This second motion, however, included additional factual information indicating that Saladino had taken further steps to exhaust his administrative remedies. In light of the second motion, the government moved to dismiss this appeal and remand the case to the district court, arguing that Saladino's second motion subsumed his first motion and mooted the appeal. In response to the government's motion, Saladino withdrew his second compassionate release motion in the district court, which prompted our court to deny the government's motion as moot. The government subsequently submitted its merits brief and informed the court that it has chosen to "withdraw[]" its "affirmative defense of exhaustion" because it believes that Saladino has now properly exhausted his administrative remedies. Brief for the United States 2-3.

**STANDARD OF REVIEW**

We review the denial of a motion for compassionate release for abuse of discretion, which incorporates de novo review with respect to questions of statutory interpretation. *See United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020); *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016) ("A district court has abused its discretion if it has (1) *based its ruling on an erroneous view of the law*, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be

4

located within the range of permissible decisions.") (emphasis added).

## DISCUSSION

Saladino challenges the district court's conclusion that the exhaustion requirement in § 3582(c)(1)(A) is "non-waivable." Gov't App'x 5-6. To the extent that the district court intended to hold that it lacked jurisdiction to consider Saladino's motion due to his failure to exhaust, that was error. The exhaustion requirement in § 3582(c)(1)(A) is not a jurisdictional limitation. Therefore, in light of the government's decision to withdraw its objection to Saladino's failure to exhaust, the district court may now consider Saladino's motion on the merits, and we remand for it to do so.

A rule is jurisdictional "[i]f the Legislature clearly states that a prescription counts as jurisdictional." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1850 (2019) (alterations omitted). "[B]ut when Congress does not rank a prescription as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* (alterations omitted).

The statute governing an inmate's motion for compassionate release reads as follows:

(c) **Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion*

5

*on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment [subject to certain conditions].

18 U.S.C. § 3582 (emphasis added). The italicized language does not provide a "clear[] state[ment]" setting forth a "jurisdictional" "prescription." *Fort Bend*, 139 S. Ct. at 1850. The "language neither 'speak[s] in jurisdictional terms' nor 'refer[s] in any way to the jurisdiction' of the courts." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). Moreover, the Supreme Court has interpreted a similar provision in Title VII of the Civil Rights Act of 1964 as nonjurisdictional. *See Fort Bend*, 139 S. Ct. at 1846, 1850 (holding that a court has jurisdiction to consider a Title VII claim even when a plaintiff fails to comply with the statute's provision that "a 'charge ... shall be filed' with the EEOC ... within 180 days 'after the alleged unlawful employment practice occur[s]'") (quoting 42 U.S.C. § 2000e-5(b), (e)(1)). Therefore, like many of our sister circuits, we conclude that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020); *Alam*, 960 F.3d at 833.

Not a jurisdictional limitation, § 3582(c)(1)(A)'s exhaustion requirement is a "claim-processing rule[]" and accordingly "may be waived or forfeited" by the government. *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17, (2017). On appeal, the government has chosen to "withdraw[]" its "defense of exhaustion" because it believes that Saladino has now properly exhausted his administrative remedies as

§ 3582(c)(1)(A) requires. Brief for the United States 2-3. Thus, the district court is now free to consider the merits of Saladino's motion.

The district court may now consider the merits regardless of whether Saladino has in fact satisfied § 3582(c)(1)(A)'s exhaustion requirement. Although the government believes that Saladino has now exhausted his administrative remedies, *id.* at 2, we note that district courts in this circuit have split on how to interpret the statute's provision permitting an inmate to move for a sentence reduction "after ... the lapse of 30 days from the receipt" by the warden of an inmate's request for the BOP to move on his behalf, 18 U.S.C. § 3582(c)(1)(A). Some district courts have held that the provision authorizes an inmate to file a motion only after he has "waited 30 days from the Warden's receipt of his request for compassionate release *without receiving a response*." *United States v. Samuels*, No. 08-CR-789-6, 2020 WL 7696004, at *3 (S.D.N.Y. Dec. 28, 2020) (emphasis added). But if the BOP timely responds to the inmate's request for compassionate release, the inmate must "'satisfy the same exhaustion procedure' that applies to 'routine administrative grievances,'" which would "include[] appeals to both the appropriate Regional Director and the BOP General Counsel." *Id.*[1]

Other district courts, however, have held that the statute's 30-day waiting period authorizes the inmate's filing a motion regardless of whether the warden responds to the inmate's request for

---

[1] Under this view, Saladino apparently still has not satisfied the statute's exhaustion requirement. The record indicates neither that he has taken his appeal of the warden's denial of his request for compassionate release to the BOP General Counsel nor that the BOP has ever taken more than 30 days to respond to his requests.

compassionate release. Under this view, an inmate must "*either* ... exhaust administrative remedies *or* simply ... wait 30 days after serving his petition on the warden of his facility before filing a motion in court." *United States v. Haney*, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020).

We need not decide whether Saladino has actually satisfied the exhaustion requirement in this appeal. [2] As explained, § 3582(c)(1)(A)'s exhaustion requirement is a "claim-processing rule[]" and accordingly "may be waived or forfeited." *Hamer*, 138 S. Ct. at 17. Because the government no longer asserts the exhaustion requirement as a defense, Saladino may proceed with his motion even if he has not complied with that requirement.

---

[2] The circuit courts also appear to be divided on this issue. *Compare Gunn*, 980 F.3d at 1179 ("[T]he First Step Act created a judicial power to grant compassionate release on a prisoner's own request, provided that the prisoner first allowed the Bureau to review the request and make a recommendation (or it let 30 days pass *in silence*).") (emphasis added), *with Alam*, 960 F.3d at 834 ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them."), *and United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020) (rejecting the argument that "because the Warden denied [the inmate's] request within thirty days, [the inmate] was required to completely exhaust the administrative remedy process" and instead interpreting § 3582(c)(1)(A) to "state[] that the defendant may file the motion thirty days after the warden receives his request"). Although we have not directly addressed this question, at least one district court has construed language in our decision in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), as supporting the former position. *See United States v. Harris*, 505 F. Supp. 3d 1152, 1156 (D. Kan. 2020); *see also Brooker*, 976 F.3d at 237 ("When the BOP *does not timely act* or administrative options are exhausted, 'whichever is earlier,' discretion to decide compassionate release motions is to be moved from the BOP Director to the courts.") (emphasis added).

**CONCLUSION**

For these reasons, we vacate the district court's decision and remand with instructions to consider Saladino's motion on the merits.

MENASHI, *Circuit Judge*, concurring:

Having determined that the exhaustion requirement codified at 18 U.S.C. § 3582(c)(1)(A) does not impose a jurisdictional limitation, the court properly remands this case to the district court in light of the government's decision to waive any objection based on Saladino's failure to exhaust. I write separately to address Saladino's argument that, in addition to wrongly deciding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional, the district court also erred by failing to invoke "equitable considerations such as ... futility" and to excuse Saladino's failure to satisfy the exhaustion requirement on that basis. Brief of Defendant-Appellant 11.

Though not a jurisdictional limitation, § 3582(c)(1)(A)'s exhaustion requirement mandates that before moving for compassionate release, an inmate must either "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion [for compassionate release] on the [inmate's] behalf" or show "the lapse of 30 days from the receipt of such a request by the warden of the [inmate's] facility." As at least five other circuit courts have concluded, § 3582(c)(1)(A) "ranks as a mandatory claim-processing rule" that, "if properly invoked, ... must be enforced." *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017); *see United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021); *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021); *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021); *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *see also Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017) (explaining that "mandatory claim-processing rules ... are unalterable" if "a party properly raises them") (internal quotation marks and alteration

omitted). Therefore, contrary to Saladino's argument, the district court was not free to excuse his failure to exhaust over the government's timely objection.

This result remains obligatory despite the policy and equitable concerns that Saladino argues the district court should have considered. While it is true that the Supreme Court has reserved judgment on whether mandatory claim-processing rules may be subject to equitable exceptions in general, s*ee Hamer*, 138 S. Ct. at 18 n.3, it has decided this question in the specific context of statutory claim-processing rules that impose exhaustion requirements. "[M]andatory exhaustion statutes ... establish mandatory exhaustion regimes, foreclosing judicial discretion," and courts may not "add unwritten limits onto their rigorous textual requirements." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). We have also reached the same conclusion: "Statutory exhaustion requirements are mandatory, and courts are not free to dispense with them." *Bastek v. Fed. Crop Ins. Corp.*, 145 F.3d 90, 94 (2d Cir. 1998).

To be sure, the Supreme Court in *McCarthy v. Madigan* recognized that courts may excuse a party's failure to exhaust when requiring exhaustion would be futile or would subject an individual to undue prejudice. *See* 503 U.S. 140, 146-49 (1992). But those exceptions apply only in the context of "judge-made exhaustion doctrines." *Blake*, 136 S. Ct. at 1857; *see also Bastek*, 145 F.3d at 94 ("Common law (or 'judicial') exhaustion doctrine ... recognizes judicial discretion to employ a broad array of exceptions."). By contrast, when "Congress has mandated exhaustion"—as it has with § 3582(c)(1)(A)—a court may "not read futility or other exceptions into [that] statutory exhaustion requirement[]." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *see also Blake*, 136 S. Ct. at 1857; *Porter v. Nussle*,

2

534 U.S. 516, 524 (2002) (observing that the Prison Litigation Reform Act requires that "[a]ll 'available' remedies must ... be exhausted" before a prisoner brings a claim under 42 U.S.C. § 1983 and holding that "those remedies need not ... be plain, speedy, and effective") (internal quotation marks omitted); *Bastek*, 145 F.3d at 94.

Therefore, as a number of other circuit courts have recognized, once the government "properly invoked" Saladino's failure to comply with § 3582(c)(1)(A)'s mandatory exhaustion requirement, *Hamer*, 138 S. Ct. at 17, the district court had no discretion to excuse that failure regardless of any equitable considerations. *See Houck*, 2 F.4th at 1084-85; *Alam*, 960 F.3d at 835; *see also United States v. McGreggor*, No. 20-10165, 2020 WL 9602344, at *1 (9th Cir. Oct. 26, 2020); *United States v. Johnson*, 849 F. App'x 750, 752-53 (10th Cir. 2021). "Faced with unambiguous statutory language requiring exhaustion of administrative remedies, '[the court was] not free to rewrite the statutory text.'" *Bastek*, 145 F.3d at 94 (quoting *McNeil v. United States*, 508 U.S. 106, 111 (1993)).

Unlike the district court in this case, other district courts in this circuit have erroneously determined that a court may excuse an inmate's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement over the government's timely objection.[1] Some of those

---

[1] *See, e.g., United States v. Delgado*, 457 F. Supp. 3d 85, 91 (D. Conn. 2020); *United States v. McCarthy*, 453 F. Supp. 3d 520, 525 (D. Conn. 2020); *United States v. Perez*, 451 F. Supp. 3d 288, 291-92 (S.D.N.Y. 2020); *United States v. Colvin*, 451 F. Supp. 3d 237, 239-40 (D. Conn. 2020); *United States v. Gileno*, 455 F. Supp. 3d 1, 5-6 (D. Conn. 2020); *United States v. Russo*, 454 F. Supp. 3d 270, 274-78 (S.D.N.Y. 2020); *United States v. Bess*, 455 F. Supp. 3d 53, 61-62 (W.D.N.Y. 2020); *United States v. Haney*, 454 F. Supp. 3d 316, 320-21 (S.D.N.Y. 2020); *United States v. Sawicz*, 453 F. Supp. 3d 601, 604 (E.D.N.Y. 2020); *United States v. Zukerman*, 451 F. Supp. 3d 329, 332-33 (S.D.N.Y. 2020);

district courts have relied on our court's decision in *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019). *See e.g.*, *Perez*, 451 F. Supp. 3d at 291-92. It is true that *Washington* states that *McCarthy*'s exceptions apply "where exhaustion is seemingly mandated by statute," *Washington*, 925 F.3d at 118, but that is not equivalent to a statement that those exceptions apply where exhaustion is expressly mandated by a statute's text. The latter statement would be contrary to the Supreme Court's decisions in *Blake*, *Nussle*, and *Booth* and to our court's decision in *Bastek*—decisions that *Washington* did not, and could not, purport to overrule.

Rather, our court in *Washington*, like the Supreme Court in *McCarthy*, addressed when a court may "impose" an exhaustion requirement "as an act of 'sound judicial discretion.'" *Id.* at 116 (quoting *McCarthy*, 503 U.S. at 144). In exercising that discretion and imposing an exhaustion requirement in that case, we were "guided by congressional intent" and the "legislative purpose" of the federal statute under which the plaintiffs sued. *Id.* (quoting *Patsy v. Bd. of Regents*, 457 U.S. 496, 501-02 & n.4 (1982)); *see also McCarthy*, 503 U.S.

---

*United States v. Scparta*, No. 18-CR-578, 2020 WL 1910481, at *8 (S.D.N.Y. Apr. 20, 2020). Other district courts have rightly concluded, like the district court here, that a court may not excuse an inmate's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement if the government properly invokes it. *See, e.g., United States v. Woodson*, 452 F. Supp. 3d 31, 34-36 (S.D.N.Y. 2020); *United States v. Hossain*, 465 F. Supp. 3d 114, 117-18 (N.D.N.Y. 2020); *United States v. Schultz*, 454 F. Supp. 3d 217, 223-24 (W.D.N.Y. 2020); *United States v. Hart*, No. 17-CR-248, 2020 WL 1989299, at *4 (S.D.N.Y. Apr. 27, 2020); *United States v. Smith*, No. 3:16-CR-48, 2020 WL 1903160, at *3 (D. Conn. Apr. 17, 2020); *United States v. Ogarro*, No. 18-CR-373-9, 2020 WL 1876300, at *3-5 (S.D.N.Y. Apr. 14, 2020); *United States v. Roberts*, No. 18-CR-528-5, 2020 WL 1700032, at *2 (S.D.N.Y Apr. 8, 2020).

at 144 (providing that when "a federal court ... fashion[s] ... exhaustion principles" it must do so "in a manner consistent with congressional intent and any applicable statutory scheme") (citing *Patsy*, 457 U.S. at 502 n.4). We referenced this idea—of a judicially created exhaustion requirement guided by congressional intent—when we said that *McCarthy*'s exceptions apply "where exhaustion is *seemingly* mandated by statute." *Washington*, 925 F.3d at 118 (emphasis added). Those exceptions do not apply, however, where—as here—"Congress has [itself] mandated exhaustion" and has not provided for any such exceptions. *Booth*, 532 U.S. at 741 n.6.

The district court in this case denied Saladino's motion for compassionate release "because [Saladino] failed to exhaust [his] administrative remedies, which are non-waivable." Gov't App'x 5-6. Section 3582(c)(1)(A), however, does not impose a jurisdictional limitation, and to extent the district court held otherwise, it erred. But although § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, it remains a mandatory claim-processing rule that is not subject to equitable exceptions. The district court thus correctly determined that it lacked discretion to excuse Saladino's failure to exhaust over the government's objection. Only now that the government has changed its position—and withdrawn its objection to Saladino's failure to exhaust—may the district court consider Saladino's motion on the merits.

5