21-395-cr
*United States v. Cargo*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> > *Appellee*,

> v.                                                              No. 21-395-cr

LATEEK CARGO, AKA "K", AKA LEROY,

> > *Defendant-Appellant*,

JUSTIN JOHNSON, AKA J, BRYANT MCCRAY,

AKA TROY, KYLEE RADUECHEL,

*Defendants.*

_____

FOR DEFENDANT-APPELLANT:        Barclay T. Johnson, Assistant
                                Federal Public Defender, *for*
                                Michael L. Desautels, Federal
                                Public Defender for the
                                District of Vermont.

FOR APPELLEE:                   John J. Boscia and Gregory L.
                                Waples, Assistant United
                                States Attorneys, *for* Nikolas
                                Kerest, United States Attorney
                                for the District of Vermont.

Appeal from an order of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on February 3, 2021, is **AFFIRMED**.

Defendant-Appellant Lateek Cargo pleaded guilty on October 19, 2018, to arson and a conspiracy to distribute cocaine and heroin. This conduct and Cargo's extensive criminal history, which placed him in the highest criminal

history category, resulted in a Guidelines sentencing range of 324 to 405 months' imprisonment. Nonetheless, because Cargo had shown signs of rehabilitation, including by obtaining gainful employment in the healthcare industry prior to being apprehended, the government and Cargo entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that capped his sentence at 144 months. On March 7, 2019, the district court imposed a sentence of 118 months – far below the cap agreed to by the parties – as well as restitution for the arson, which had severely damaged an apartment building for low-income residents.

On November 9, 2020, having served approximately thirty-six months of his sentence, Cargo moved for compassionate release pursuant to the First Step Act of 2018. In relevant part, that statute permits a district court to "reduce the [defendant's] term of imprisonment . . . if it finds that[] extraordinary and compelling reasons warrant such a reduction" and that the reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1), (c)(1)(A)(i). The district court orally denied the motion without prejudice to Cargo's renewing it at a later date. In doing so, the district court declined to find whether extraordinary circumstances justified a sentence reduction, concluding instead

that a reduction was not warranted in light of the section 3553(a) factors. *See United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) ("[W]hen a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction."). Cargo timely appealed.

"We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (alterations and quotation marks omitted) (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)). "[O]nce we are sure that [a] sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc); *see also United States v. Seshan*, 850 F. App'x 800, 801 (2d Cir. 2021) (summary order) (explaining that "[w]e apply the same deference to the district court's denial of a compassionate release motion based on . . . the

4

[section] 3553(a) factors as we do when reviewing a district court's [original] imposition of sentence based on . . . th[ose] factors").

Here, the district court's conclusion that the section 3553(a) factors weigh against Cargo's release falls well within its broad discretion. Section 3553(a) requires a sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and also to ensure that the sentence "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, . . . provide[s] just punishment for the offense," and "afford[s] adequate deterrence to criminal conduct," among other sentencing objectives. *Id.* § 3553(a)(2)(A)–(B).

Cargo's rehabilitative strides, though commendable, do not diminish the seriousness of his criminal conduct. The district court correctly observed that it was "just by luck" that Cargo's "arson . . . did not result in killing somebody, and . . . some of the tenants lost everything they had." J. App'x at 104. The district court also noted that Cargo's drug activities "t[ook] place over a long period of time with significant quantities" of narcotics and involved the frequent use of firearms. J. App'x at 105. It was therefore not an abuse of discretion for the district court to conclude that a further reduction in Cargo's 118-month

sentence – which was already well below the 144-month sentence to which the parties had stipulated, as well as the Guidelines range of 324 to 405 months – was unwarranted. *See, e.g.*, *Keitt*, 21 F.4th at 72 (citing defendant's serious criminal conduct in affirming denial of compassionate release based on the section 3553(a) factors); *Seshan*, 850 F. App'x at 802 (affirming denial of compassionate released when "the district court carefully considered and balanced the [section] 3553(a) factors").

None of Cargo's remaining objections is meritorious. The array of district court decisions granting compassionate release that Cargo identifies are readily distinguishable, involving defendants who had already served lengthy, multi-decade sentences and never benefited from an initial sentence that was substantially below the Guidelines range. *See, e.g.*, *United States v. Quinones*, No. 00-cr-761-1 (JSR), 2021 WL 797835, at *1 (S.D.N.Y. Feb. 27, 2021); *United States v. Underwood*, No. 88-cr-822 (SHS), 2021 WL 3204834, at *1–2 (S.D.N.Y. Jan. 15, 2021); *United States v. Rodriguez*, 492 F. Supp. 3d 306, 308 (S.D.N.Y. 2020). Nor can it be said that the district court failed to consider Cargo's rehabilitation or the difficulties facing Cargo's family while he is in prison. *See* J. App'x at 102 (acknowledging that Cargo's "family is struggling without his presence," which

should not be "minimize[d] . . . in any respect"). The district court simply found that those considerations paled in comparison to the seriousness of the crimes that Cargo committed. We see no reason to question that conclusion and find that the district court did not abuse its discretion in declining to reduce Cargo's sentence pursuant to 18 U.S.C. § 3582(c)(1).

We have considered Cargo's remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court