21-1202-cr
*United States of America v. Jimenez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-two.

Present:
>     DEBRA ANN LIVINGSTON,
>         *Chief Judge*,
>     MICHAEL H. PARK,
>     MYRNA PÉREZ,
>         *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                               21-1202-cr

DUKE JIMENEZ,

     *Defendant-Appellant.*

_____

For Appellee:                 Katherine A. Gregory, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellant:     Robert J. Boyle, Attorney at Law, New York, NY.

Appeal from an order of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Duke Jimenez appeals the district court's (Arcara, *J.*) April 15, 2021 order on reconsideration denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (commonly referred to as "compassionate release"). In 2017, Jimenez pled guilty to (1) production of child pornography, 18 U.S.C. § 2251(a), (e), and (2) possession of child pornography involving a prepubescent minor, 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The district court sentenced him to 504 months' imprisonment. On December 22, 2020, Jimenez, moving *pro se*, requested that the district court issue an order of compassionate release under Section 3582(c)(1)(A)(i). The district court denied the motion, and then denied it again on reconsideration. Jimenez, now represented by counsel, appeals the district court's denial of his Section 3582(c)(1)(A) motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review for abuse of discretion a defendant's claim that the district court erred in denying a motion for compassionate release pursuant to Section 3582(c)(1)(A). *See United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam) ("We review the denial of a motion for compassionate release for abuse of discretion, which incorporates de novo review with respect to questions of statutory interpretation."). The district court has "broad discretion" when considering such motions. *United States v. Clenista*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). The district court abuses its discretion if it "(1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Warren v. Pataki*, 823 F.3d 125,

137 (2d Cir. 2016) (citation omitted).

Jimenez argues that the district court abused its discretion by denying his request for compassionate release to home confinement in light of his heightened risk of Covid-19 complications due to his hypertension and obesity. We disagree. Under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239– 41, the district court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A). Because (1) the satisfaction of the Section 3553(a) factors *and* (2) the presence of extraordinary and compelling reasons warranting a sentencing reduction are independent prerequisites to the grant of a Section 3582(c)(1)(A) motion, "if a district court determines that one of those conditions is lacking, it need not address the remaining ones." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam); *see id.* at 73 n.4 (holding that "a district court may rely solely on the § 3553(a) factors when denying a defendant's motion for compassionate release").

Considering the Section 3553(a) factors, the district court denied Jimenez's motion because his release at this time "would seriously undermine the purposes for which his lengthy sentence of imprisonment was imposed."[1] App'x 25. This determination was not erroneous, let alone an abuse of discretion. Section 3553(a)(2) lists as a sentencing consideration, among other things:

---

[1] In its opposition to Jimenez's motion for compassionate release, the Government acknowledged that, standing alone, Jimenez's medical conditions—including obesity and hypertension—present an extraordinary and compelling reason to allow for compassionate release in light of the heightened risk of Covid-19 complications.

"the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)–(C). Each of these factors disfavors release at this time. Jimenez was sentenced to 504 months' imprisonment in 2019. *See* GA 48. With a projected release date in late 2051, he thus has a significant amount of time remaining on his sentence. *See United States v. Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021) (summary order) ("Because the original sentence 'reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may -- along with [other factors] -- inform whether immediate release would be consistent with those factors.'" (alteration in original) (quoting *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020)). Jimenez has not shown that his early release—nearly thirty years before his projected release date—would reflect the seriousness of his offense or afford deterrence to others.

Further, Jimenez has failed to show that he would not be a danger to the public upon his early release. The nature of his offenses—including repeatedly raping a three-year-old victim and recording the abuse over the course of nearly a year—is particularly concerning. *See* GA 55 (the sentencing court stating: "The physical pain and mental terror that was caused to this child to suffer were torture."); GA 57 ("Although the case is your first criminal offense, the Court finds that you are a danger to the community and will remain a danger for many years to come."). Jimenez's argument to the contrary—suggesting he should not be considered a danger to the public because he did not abuse multiple victims, never disseminated any illicit photographs, has no prior criminal convictions, and has the support of his family—is not compelling in light of his "deeply disturbed criminal behavior." GA 23. The district court did not abuse its discretion in

4

concluding that the Section 3553(a) factors, on balance, disfavor early release at this time.

                                *     *     *

We have considered Defendant-Appellant Jimenez's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court