20-1773-cr
*United States v. Rivera-Rios*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-two.

PRESENT:   Jon O. Newman,
           Guido Calabresi,
           Steven J. Menashi,
                 *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

   v.                                                        No. 20-1773

RUDOLFO RIVERA-RIOS,

     *Defendant-Appellant.*

_____

*For Appellee*: Amy Busa, Devon Lash, Assistant United States Attorneys, for Seth D. DuCharme, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

*For Defendant-Appellant*: Rudolfo Rivera-Rios, pro se, Pine Knot, KY.

Appeal from an order of the United States District Court for the Eastern District of New York (Cogan, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court entered May 18, 2020, is **AFFIRMED**.

Defendant-Appellant Rudolfo Rivera-Rios, proceeding pro se, appeals the district court's order denying his motion for a discretionary sentence modification under 18 U.S.C. § 3582(c)(1)(A). The district court denied the motion because Rivera-Rios's offense was committed prior to November 1, 1987, and he was therefore ineligible to move for such relief on his own behalf. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

An inmate's motion for a discretionary sentence modification for "extraordinary and compelling reasons," under § 3582(c)(1)(A) is "often colloquially called a motion for compassionate release." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). "We review the denial of a motion for compassionate release for abuse of discretion, which incorporates de novo review with respect to questions of statutory interpretation." *Id.* at 122.

Rivera-Rios is serving a sentence for acts committed in 1970, prior to the amendments to the federal sentencing regime in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1837, 1987-2040 (1984). At that time, under 18 U.S.C. § 4205(g), a court could reduce a federal inmate's sentence "[a]t any time upon motion of the Bureau of Prisons." 18 U.S.C. § 4205(g) (repealed 1984, repeal effective 1987). Section 212 of the Sentencing Reform Act repealed that provision. In its place, the Act created 18 U.S.C. § 3582(c)(1)(A), which provided that a court could reduce a term of imprisonment "in any case … upon motion of the Director of the Bureau of Prisons … after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such reduction," so long as the reduction was consistent with Sentencing Commission policy statements. 18 U.S.C.

3

§ 3582(c)(1)(A) (1986). Like the former § 4205(g), the new statute "gave BOP exclusive power over all avenues of compassionate release" by providing that "any motion for compassionate release had to be made by the BOP Director." *United States v. Brooker*, 976 F.3d 228, 231 (2d Cir. 2020).

Subsequent amendments established that the Sentencing Reform Act, including § 3582(c)(1)(A), applied only to prisoners who offended on or after November 1, 1987. *See* Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985) (amending the Sentencing Reform Act to provide an effective date of November 1, 1987); Sentencing Act of 1987, Pub. L. No. 100-182, § 2(a), 101 Stat. 1266 (1987) (inserting "shall apply only to offenses committed after the taking effect of this chapter" into the text of the Sentencing Reform Act); *United States v. Argitakos*, 862 F.2d 423, 424 (2d Cir. 1988) (holding that the Sentencing Reform Act, including § 3582, "applies only to offenses committed after November 1, 1987").

Consistent with the transition to the new § 3582(c), the Sentencing Reform Act provided that the old § 4205(g) would remain in place for a period of five years after the effective date with respect to individuals whose convictions predate the effective date. *See* Pub. L. No. 98-473, § 235(b)(1)(A), 98 Stat. 1837, 2032 (leaving

4

Chapter 311 of Title 18 of the U.S. Code, which includes § 4205(g), in place "for five years after the effective date"). However, Congress has repeatedly extended the timeline, most recently through November 2022. United States Parole Commission Extension Act of 2020, Pub. L. No. 116-159, § 4202, 134 Stat. 709, 741 (2020). Congress thereby provided that § 4205(g) would continue to apply to inmates whose convictions predate November 1, 1987.

Rivera-Rios argues that the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), expanded eligibility for § 3582(c)(1)(A) relief to people incarcerated for offenses committed prior to 1987. We disagree.

The First Step Act expanded the availability of compassionate release by amending § 3582(c)(1)(A) to permit inmates to petition a court directly for relief. *See Brooker*, 976 F.3d at 231-33 (discussing the history of compassionate release and the First Step Act). Under the First Step Act, the court may reduce a term of imprisonment "in any case" on "motion of the defendant"—provided certain exhaustion requirements are met—"after considering the factors set forth in [§] 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). But

it did not expand eligibility for § 3582(c)(1)(A) relief to inmates serving sentences for offenses predating November 1, 1987.

Two other circuits have reached the same conclusion. *See United States v. King*, 24 F.4th 1226, 1228-32 (9th Cir. 2022); *United States v. Jackson*, 991 F.3d 851, 852-54 (7th Cir. 2021). As the Seventh Circuit explained, the "in any case" language of § 3582(c)(1) did not extend the section to people who committed crimes prior to November 1, 1987, because that language originated in the Sentencing Reform Act, which until 2018 allowed § 3582(c) motions to be made only by the BOP. *Jackson*, 991 F.3d at 853. The First Step Act did not alter any of the transition rules in the Sentencing Reform Act that limit the scope of § 3582(c) to inmates who committed crimes on or after November 1, 1987. "People whose crimes predate November 1, 1987, continue to be governed by the law in force at the time of their offenses." *Id.* at 852. This conclusion is "reinforced when we consider Congress' recent extension of the applicability of § 4205(g) to these inmates through 2022." *King*, 24 F.4th at 1230.

The federal regulations that address compassionate release also provide that § 4205(g) "remains the controlling law for inmates whose offenses occurred prior

to" November 1, 1987, and that "[f]or inmates whose offenses occurred on or after [that date], the applicable statute is [§] 3582(c)(1)(A)." 28 C.F.R. § 572.40.

The district court correctly concluded that Rivera-Rios is categorically ineligible for a sentence reduction under § 3582(c)(1)(A) and was ineligible for § 4205(g) relief because the Bureau of Prisons had not moved for a sentence reduction on his behalf. *See* 18 U.S.C. § 4205(g). The Bureau of Prisons may wish to give particular attention to the applications of a prisoner such as Rivera-Rios who, because of the date of his offense, cannot move for compassionate release on his own motion, but it is not required to do so. Because Rivera-Rios is not eligible for compassionate release under either statute, we need not consider his arguments concerning administrative exhaustion, the existence of extraordinary and compelling reasons for release, or the § 3553(a) factors.

\* \* \*

We have considered Rivera-Rios's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7