21-2135-cr
*United States v. Reid*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation **"summary order"**). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-two.

PRESENT:    JOSÉ A. CABRANES,
　　　　　　 RICHARD J. SULLIVAN,
　　　　　　 WILLIAM J. NARDINI,
　　　　　　　　　　　 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　　　　　 *Appellee,*　　　　　　　　　　　　　 21-2135-cr

　　　　　　 v.

JACK REID,

　　　　　　　　　 *Defendant-Appellant.**

---

**FOR DEFENDANT-APPELLANT:**　　　 Jack Reid, *pro se*, White Deer, PA.

**FOR APPELLEE:**　　　　　　　　　 Monica J. Richards, Assistant United
　　　　　　　　　　　　　　　　　　 States Attorney, *for* Trini E. Ross, United
　　　　　　　　　　　　　　　　　　 States Attorney, Western District of New
　　　　　　　　　　　　　　　　　　 York, Buffalo, NY.

---

* The Clerk of Court is directed to amend the caption as set forth above.

Appeal from an order of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Jack Reid, a *pro se*, incarcerated defendant serving a 25-year sentence for a narcotics conspiracy conviction, filed a motion seeking "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). He argued principally that the combination of his medical conditions, allegedly including severe asthma, and the COVID-19 pandemic constituted an "extraordinary and compelling reason[]" for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). The District Court disagreed and denied his motion. Reid appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a motion for compassionate release for abuse of discretion. *See United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.* (emphasis omitted) (quoting *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016)). Moreover, "once we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

A district court may modify a defendant's prison sentence under § 3582(c)(1)(A) if three requirements are met: First, "the defendant [must] fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or 30 days must lapse "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Second, the district court must consider the factors weighed in imposing a sentence, set forth by 18 U.S.C. § 3553(a). *See id.* Third, the defendant "must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of [the] § 3553(a) factors, a sentence reduction is justified . . . and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting § 3582(c)(1)(A)(i)).

The failure to satisfy *any* of these three requirements provides a district court grounds to deny a motion for compassionate release. *See, e.g., id.* at 73. The District Court denied Reid's motion because it found that he did not satisfy the third requirement: he had not established any extraordinary and compelling circumstances for compassionate release.

We find no abuse of discretion in the District Court's findings and resulting denial of Reid's motion for compassionate release. The District Court did not assess the evidence in a clearly erroneous manner. Reid's medical records demonstrate only that he has a history of some asthma and two episodes of coughing or wheezing, for which he received treatment. The letter submitted on his behalf by Nurse Cynthia Chaney does not report that Reid's medical condition poses an especially high risk of severe COVID-19. Nor does Reid's motion contend that any of his other medical conditions places him at such an increased risk. Additionally, no evidence in the record contradicts the District Court's observation that his vaccination status decreases his risk of severe COVID-19. Our review of the record indicates that the District Court's decision was well within the range of permissible ones. And we find no indication that the District Court based its ruling on an erroneous view of the law.

The District Court properly denied Reid's motion for compassionate release.

## CONCLUSION

We find no abuse of discretion in the District Court's denial of Reid's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The record provides ample support for its finding that Reid failed to demonstrate extraordinary and compelling circumstances for compassionate release.

We have reviewed all of the arguments raised by Reid on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 25, 2021 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3