21-1106-cr
*United States v. Davila*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand twenty-three.**

**PRESENT:**

**JOHN M. WALKER, JR.,**
**EUNICE C. LEE,**
**ALISON J. NATHAN,**
*Circuit Judges.*

---

**United States of America,**

*Appellee,*

v.                                                                                  **21-1106-cr**

**Louis Davila, AKA Bam, AKA Bam Bam,**

*Defendant-Appellant.\**

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Louis Davila, pro se, Joint Base MDL, NJ. |
| **FOR APPELLEE:** | Anden Chow, Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

---

*The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from an order of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

On February 8, 2018, Louis Davila was sentenced to the mandatory minimum term of 120 months in prison for pleading guilty to a conspiracy to distribute, and possess with intent to distribute, heroin and crack cocaine. On December 4, 2020, Davila moved, pro se, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) seeking relief based primarily on the COVID-19 pandemic. The district court denied the motion, reasoning that Davila had not established any extraordinary or compelling circumstances and that the 18 U.S.C. § 3553(a) factors weighed against his release. Davila, again proceeding pro se, now appeals the district court's decision. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision.

We review the denial of a motion for compassionate release for abuse of discretion. *See United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam). A district court abuses its discretion by ruling based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence," or when it has "rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v.*

2

*Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

Section 3582(c)(1)(A) provides that a district court may reduce a defendant's term of imprisonment "after considering the factors set forth in Section 3553(a)," if it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Because the decision is discretionary, a district court considers a motion for a sentence reduction in two steps. "First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

Here, the district court did not abuse its discretion by denying Davila's motion. Davila failed to show any extraordinary or compelling reasons for compassionate release and did not establish that he suffered from a medical condition that placed him at higher risk of a serious COVID-19 infection. Although Davila suffers from asthma, his medical records did not establish that his asthma was moderate to severe, which is the level the CDC recognizes as a risk factor for severe complications from COVID-19. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention (Nov. 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Davila also failed to show that the district court's factual findings regarding the number of FCI Ray Brook inmates infected with COVID-19 were clearly erroneous. In fact, Davila does not point to any evidence showing that the number of COVID cases cited by the district court—zero infections at the time it denied Davila's motion on April 26, 2021—was incorrect.

Instead, Davila primarily focuses on the COVID-19 infection rate at FCI Fort Dix, the prison where he was incarcerated when he wrote his appellate brief, arguing that the harsh lockdown

3

conditions there are extraordinary and compelling circumstances that warrant compassionate release. But, as stated, this argument does not point to any error in the district court's analysis of FCI Ray Brook, the prison where Davila was incarcerated when the district court decided his motion. We previously have determined that the conditions at a prison an appellant is later transferred to, and that were not considered by the district court, are not relevant to determining whether the district court abused its discretion in denying a motion for compassionate release. *See United States v. Halvon*, 26 F.4th 566, 571 n.2 (2d Cir. 2022).

The district court also considered Davila's family circumstances, rehabilitation efforts, medical condition, and risk of contracting COVID-19, which generally weigh in favor of release, but concluded that the § 3553(a) factors supporting his continued confinement—particularly the seriousness of his offense and the need for deterrence—outweighed those considerations. Davila does not meaningfully challenge the district court's weighing of the § 3553(a) factors and we do not independently perceive any error.

In sum, the district court did not abuse its discretion by denying Davila's motion for compassionate release. We have considered Davila's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court