23-6229 (L)
*United States v. Castillo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                             23-6229 (Lead)
                                                               23-6233 (Con)

FRANK SMITH CASTILLO,

*Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | JERRY I. FANG, Assistant United States Attorney (Hagan Scotten, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | DANIEL HABIB, Federal Defenders of New York, Inc., New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Wood, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Frank Smith Castillo ("Castillo") appeals from an order of the United States District Court for the Southern District of New York (Wood, *J.*), entered on February 28, 2023, denying his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Castillo principally argues that the district court misinterpreted then-Application Note 1(B) to U.S.S.G. § 1B1.13 ("Note 1(B)")[1] and, in doing so, abused its discretion in concluding that Castillo had not demonstrated "extraordinary and compelling" reasons for release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). "[A] district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

As relevant to this appeal, 18 U.S.C. § 3582(c)(1)(A) permits a court to "reduce [a] term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they

---

[1] In the 2023 and 2024 versions of the Guidelines Manual, this provision is set forth at § 1B1.13(b)(2) rather than in the application notes. The language of the provision has not changed.

are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Under Note 1(B), extraordinary and compelling reasons exist if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

The district court's order stated that, when applying Note 1(B), "courts typically grant compassionate release only to senior citizen defendants whose physical and cognitive deterioration has impaired basic human functions," and cited as examples four district court opinions. A-196 (citation and internal quotation marks omitted). The court then reasoned that although "Castillo is 65 years old," "has served over ten years in prison," and has "been diagnosed with several age-related medical issues including an enlarged prostate, heart disease, and eye problems," his advanced age combined with his associated health issues do not constitute an extraordinary and compelling reason for release because "Castillo's health conditions are not impairing him from carrying out basic human functions or living independently in prison." A-196–97 (internal quotation marks omitted). Additionally, the court found that "[e]ven if" Castillo had shown an extraordinary and compelling reason for release, "the § 3553(a) factors weigh[ed] against early release." A-197.

Under *United States v. Brooker*, a district court has discretion to determine what constitutes an "extraordinary and compelling reason[]" for a sentence reduction. 976 F.3d 228, 230 (2d Cir. 2020). Even if an extraordinary and compelling reason exists, a court still has discretion to decide whether to reduce the defendant's sentence in view of the § 3553(a) factors. When exercising this discretion, however, district courts must be clear in their reasoning. This is particularly necessary when a case appears to be close on the merits.

3

We hold that a remand for clarification is appropriate in the instant case because the district court's order is ambiguous in its interpretation of Note 1(B). It is unclear to us whether the district court believed that it could not find that "extraordinary and compelling reasons" exist for a reduction in sentence unless it *also* found that the physical deterioration suffered by Castillo "impaired basic human functions." A-196. The court looked to Note 1(B) to guide its discretion, and while it did not dispute that Castillo met the criteria stated expressly in Note 1(B) for extraordinary and compelling circumstances, it denied the motion. It then added that compassionate release is "typically grant[ed]" "only to senior citizen defendants whose 'physical and cognitive deterioration has impaired basic human functions.'" A-196 (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020)). If the district court relied on other district court decisions to inform a fact-specific assessment of whether Castillo's own health conditions constituted a "serious deterioration in physical or mental health," then it acted well within its "broad" discretion. *Brooker*, 976 F.3d at 237. If, however, the district court's denial was based on the view that Note 1(B) applies *only* to defendants whose health conditions impair basic human functions, the court erred; the plain text of the Note contains no such requirement.[2]

Given this ambiguity, we believe that a *Jacobson* remand is appropriate to allow the district court to clarify its reasoning. Although we remand for clarification of the basis for the denial of compassionate release, on remand the district court may reconsider Castillo's arguments and determine anew whether it should grant the motion for compassionate release. *See United States v. Nosov*, No. 21-187, 2022 WL 803985, at *2 (2d Cir. Mar. 17, 2022).

---

[2] There is also some ambiguity as to whether the district court intended its analysis of the § 3553(a) factors to constitute an independent basis for its holding. Out of an abundance of caution, we decline to resolve that ambiguity here.

4

* * *

For the foregoing reasons, we remand the case to the district court pursuant to *Jacobson* to clarify the reasons for denying Castillo's compassionate release motion or, in the alternative, to conclude that it should grant the motion. Upon the district court's issuance of a new order, either party may restore the matter to the active docket of this court by letter without filing a new notice of appeal. If either party seeks further action from this court, the matter will be referred to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk