21-168-cr (L)
*United States v. Castillo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand twenty-two.

PRESENT:

> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                        Nos. 21-168-cr (L), 21-172-cr (Con)

FRANK SMITH CASTILLO,

> *Defendant-Appellant,*

_____

**FOR DEFENDANT-APPELLANT:**       DANIEL HABIB, Federal Defenders of New York, New York, NY.

**FOR APPELLEE:**       BRANDON DOUGLAS HARPER (Danielle R. Sassoon, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on January 27, 2021, is **AFFIRMED**.

Defendant-Appellant Frank Smith Castillo appeals from the district court's order denying a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). In 2004, Smith Castillo was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), as well as one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; three counts of armed bank robbery,

in violation of 18 U.S.C. §§ 2113(a), (d), and 2; and three counts of using and carrying during a crime of violence a firearm that was equipped with a silencer and brandished, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(i)(B)(ii), (c)(1)(C)(i) and (ii), and 2. Smith Castillo faced a mandatory term of thirty years on the first firearm use count and life on the additional two firearm use counts, and the district court calculated the Sentencing Guidelines range to be 135 to 168 months on the non-mandatory counts. The district court then imposed a sentence of 168 months' imprisonment on the firearm possession, conspiracy, and armed robbery counts, to be followed by thirty years' imprisonment on the first firearm count and mandatory life terms on each of the two subsequent firearm counts.

On December 4, 2020, having served 210 months of his sentence, Smith Castillo moved for compassionate release pursuant to the First Step Act of 2018. The First Step Act, in relevant part, permits a court to "reduce the [defendant's] term of imprisonment . . . if it finds that[] extraordinary and compelling reasons warrant such a reduction" and that the reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). Section 3553(a), in turn, requires a district court imposing a sentence to consider "the nature and circumstances of the offense and the history and characteristics of the defendant,"

*id.* § 3553(a)(1), and also to ensure that the sentence "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, . . . provide[s] just punishment for the offense," and "afford[s] adequate deterrence to criminal conduct," among other sentencing objectives, *id.* § 3553(a)(2)(A)–(B). A court's determination that a defendant has failed to make the requisite showing regarding extraordinary and compelling circumstances *or* that the section 3553(a) factors on balance militate against a sentence reduction is a sufficient basis to deny the motion. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021).

The district court denied Smith Castillo's motion. It explained that even though other provisions of the First Step Act would mean that Smith Castillo would not face mandatory life sentences if he were to be sentenced today, he would still face a mandatory thirty-year term on each of the three firearm counts, to be served consecutively to each other and to the sentences on all other counts. As a result, the intervening change in sentencing law did not constitute an extraordinary and compelling circumstance justifying a sentence reduction; nor did any of the other factors Smith Castillo identified, such as his age and health conditions – which increased the risk that he would suffer from complications of COVID-19 – his rehabilitative strides while incarcerated, and the unexpectedly

4

harsh pandemic-related conditions under which he was serving his sentence. The district court also opined that the section 3553(a) "factors weigh against a sentence reduction," App'x at 167, because of the severity of Smith Castillo's crimes, his history of recidivism, and the need to protect the public from further criminal activity. Smith Castillo timely appealed.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). "[A] district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)). "[O]nce we are sure that [a] sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Smith Castillo argues on appeal that the district court erred in (1) holding that because Smith Castillo would receive a similar sentence under current law,

"the Court cannot conclude that the length of [his] sentence . . . constitutes an extraordinary and compelling reason warranting a sentence reduction," App'x at 165, and (2) stating that "[a]ge alone . . . is not a sufficient basis for a finding of extraordinary and compelling circumstances," *id.* Neither argument persuades us.

District courts have broad discretion when deciding a motion for compassionate release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Where, as here, the motion is brought by the defendant, as opposed to the Bureau of Prisons on a defendant's behalf, a district court can consider any factor it deems relevant. *Id.* Smith Castillo alleges that the district court abused its discretion, when considering his motion for compassionate release, by refusing to consider the length of his sentence and by concluding that his age could not by itself be an extraordinary and compelling circumstance. We address each argument in turn.

First, Smith Castillo's contention that the district court refused to consider the "severity of his sentence" is without support. App'x at 162. Smith Castillo's argument hinges on a single sentence, cherry-picked from the district court's opinion: "In these circumstances, the Court *cannot* conclude that the length of

Smith Castillo's sentence, in light of the recent amendments to section 924(c), constitutes an extraordinary and compelling reason warranting a sentence reduction."  App'x at 165 (emphasis added).  The use of the word "cannot," Smith Castillo contends, is the "language of a court applying a rule that constrains it, not the language of discretion."  Smith Castillo Br. at 25 (internal quotation marks omitted).

But Smith Castillo's argument overlooks the preceding section of the district court's opinion.  Before reaching its conclusion, the district court carefully analyzed whether the length of Smith Castillo's sentence constituted an extraordinary and compelling reason entitling him to compassionate release.  The district properly considered the disparity between the length of the sentence Smith Castillo actually received and the length of the sentence he would have received had he benefited from the intervening changes in law brought about by the First Step Act.  *See United States v. Rose*, 837 F. App'x 72, 73–74 (2d Cir. 2021) (noting that a district court, when deciding a motion for compassionate release, "may look to, but is not bound by, the mandatory minimums that the defendant would face if being sentenced for the first time under revised guidelines or statutes").  Based on this analysis, the district court concluded that the sentencing disparity – the

difference between "an actual life term" and "an effective life term" – did not render Smith Castillo's circumstance to be extraordinary and compelling. App'x at 164–65. Thus, the district court's use of the word "cannot" did not reflect a refusal to consider the sentencing disparity in the first place, but rather its conclusion that the intervening changes in law did not render Smith Castillo's sentence so severe as to entitle him to compassionate release.

Second, Smith Castillo argues that the district court abused its discretion when it remarked that "[a]ge alone . . . is not a sufficient basis for a finding of extraordinary and compelling circumstances." App'x at 165. But the district court did not identify any legal constraint on its ability to consider Smith Castillo's age. Indeed, the district court acknowledged that, at least in some circumstances, a sentencing reduction may be appropriate when a defendant's age puts him at "increased risk of suffering serious illness from infection with COVID-19." *Id*. The district court's conclusion that this is not one such case lies squarely within the realm of its discretion. *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (rejecting defendant's argument "that the District Court abused its discretion by inadequately considering the severity of his condition" when it denied his motion for compassionate release).

8

Our decision, of course, does not preclude Smith Castillo from filing a subsequent motion for compassionate release, if circumstances warranting such a motion arise.[1]  We have considered Smith Castillo's remaining arguments and find them to be meritless.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] After briefing was completed on this appeal, Smith Castillo filed a letter asserting that the Bureau of Prisons had determined that the recidivism risk assessment tool it had utilized, which the district court noted had corroborated its conclusion that Smith Castillo was at risk of re-offending, was unreliable and tended to overstate the recidivism risk of members of minority groups, such as Smith Castillo.  The record in this case contains no information about what aspects of the prior algorithm had a discriminatory effect, how Smith Castillo's likelihood of recidivism would be predicted by an assessment that excluded the discriminatory factors, or how the district court's conclusions would be affected by a more favorable or allegedly more reliable risk assessment tool.  We therefore do not consider, and express no view regarding, how any such revised and ostensibly less troublesome risk assessment would bear on any renewed application Smith Castillo might make.