United States v. Needham

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of January, two thousand fourteen.

PRESENT: DENNIS JACOBS,
    DENNY CHIN,
    CHRISTOPHER F. DRONEY,
       <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

United States of America,
   <u>Appellee</u>,

   -v.-            12-5130

Derrilyn Needham,
   <u>Defendant-Appellant</u>,
- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | Marjorie M. Smith, Brooklyn, New York. |
| **FOR APPELLEES:** | Jennifer G. Rodgers, Assistant United States Attorney (John J. O'Donnell, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Preet Bharara, United States |

Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Derrilyn Needham appeals from a judgment of conviction in the United State District Court for the Southern District of New York (Pauley, <u>J.</u>), entered on her plea of guilty to eleven Hobbs Act robberies, multiple weapons charges, and drug and robbery conspiracies. On appeal, Needham argues that the district court abused its discretion by improperly considering the factors listed in 18 U.S.C. § 3553(a) in sentencing her to 360 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A district court's sentence is reviewed for reasonableness under an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 46 (2007). This reasonableness review "encompasses two components: procedural review and substantive review." <u>United States v. Cavera</u>, 550 F.3d 180, 189 (2d Cir. 2008) (<u>en banc</u>). "A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." <u>Id.</u> at 190 (citations omitted). In reviewing for substantive reasonableness, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," <u>Cavera</u>, 550 F.3d at 190, and "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," <u>Id.</u> at 189 (citation omitted). "We will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" <u>Id.</u> (emphasis omitted) (citing <u>United States v. Rigas</u>, 490 F.3d 208, 238 (2d Cir. 2007)).

2

In sentencing Needham, the district court accurately calculated the Guidelines range and considered the applicable statutory factors, the written arguments of the parties (including the Government's 5K1.1 letter), and the oral arguments. Judge Pauley explained in detail how he arrived at the 360-month sentence–which represented a substantial reduction from the applicable Guidelines range of 660 months to life imprisonment. Nothing more was required.

Needham contends that the district court "largely ignored" the significance of her cooperation and the "positive aspects of her conduct since [her incarceration]," and asserts that it was unreasonable for the court impose a sentence of 30 years when her co-conspirator, Ronald Knibbs, was sentenced to 130 months. Needham is incorrect. Judge Pauley cited Needham's cooperation as the reason for its downward departure from the Guidelines range, stating: "[B]ecause of your cooperation, it is appropriate that I not impose on you a sentence equivalent to life, and only because of your cooperation will you have the chance to come out of prison and be a contributing member of society." And Needham's admitted involvement in approximately 40 robberies, including two that ended in murder, justifies the imposition of a longer sentence than that imposed on co-defendant Knibbs, who participated in 14 robberies. In light of "all the circumstances presented," Needham's sentence is reasonable. United States v. Florez, 447 F.3d 145, 158 (2d Cir. 2006) (discussing sentencing disparities between codefendants).

For the foregoing reasons, and finding no merit in Needham's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK