22-253-cr
United States v. Needham

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-three.

PRESENT:
> DENNIS JACOBS,
> EUNICE C. LEE,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                                    22-253-cr

DERRILYN NEEDHAM, AKA INGRID,

*Defendant-Appellant.**

---

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

For Defendant-Appellant:                                  Derrilyn Needham, pro se,
                                                          Tallahassee, FL.

For Appellee:                                             Rebecca T. Dell, David Abramowicz,
                                                          Assistant United States Attorneys, of
                                                          counsel, *for* Damian Williams,
                                                          United States Attorney for the
                                                          Southern District of New York, New
                                                          York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Derrilyn Needham, proceeding pro se, appeals the district court's denial of her 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. The district court held that Needham had not demonstrated extraordinary and compelling reasons justifying release and that the 18 U.S.C. § 3553(a) sentencing factors weighed against sentence reduction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

The charges in this case stem from Needham's role providing information to robbery crews about suspected drug dealers, taking part in the planning of some of their robberies, and assisting crew members in hiding from police. Needham also sold 35 guns illegally and trafficked over a thousand pounds of marijuana. At sentencing, the district court noted Needham's history of violent and criminal behavior from 1991 until her arrest in 2007, describing her as a "one-woman crime wave" whose crimes displayed a reckless disregard for others. Gov't Addendum at 5. In light of these and other facts, the district court concluded that Needham was a "very dangerous

2

person," "amoral," and presented "a significant danger to the community." *Id.* at 5, 8. The district court ultimately imposed a 360-month sentence—a "substantial reduction" from the guidelines range of 660 months to life imprisonment, which we affirmed on direct appeal. *United States v. Needham*, 551 F. App'x 21, 22 (2d Cir. 2014). Intervening events resulted in her resentencing to an aggregate 274 months in prison, which we again affirmed. *United States v. Needham*, 840 F. App'x 664, 665–66 (2d Cir. 2021).

Most recently, Needham moved for a sentence reduction pursuant to § 3582(c)(1)(A). In her motion, Needham argued that she had taken responsibility for her actions, rehabilitated herself in prison, and become a Christian. She also argued that a reduction was warranted because there had been repeated outbreaks of COVID-19 at her prison facility and she was suffering from long-term effects of the virus, exacerbated by many serious medical conditions.

The district court denied the motion, finding that Needham had not demonstrated sufficiently extraordinary or compelling reasons to justify a sentence reduction, as required for relief under § 3582(c)(1)(A)(i). The court also determined that the § 3553(a) sentencing factors weighed against her early release. While the court credited Needham's "genuine" efforts at rehabilitation, the court described her offenses as "most serious" and incorporated the prior sentencing court's findings that she was the "mastermind behind an organized and vicious robbery crew," and an "instrumental" force behind offenses "spann[ing] multiple years." *United States v. Needham*, 2022 WL 19769, at *4 (S.D.N.Y. Jan. 3, 2022). The court further concluded that modification of her sentence "would disserve . . . important sentencing factors," such as the seriousness of the offense, providing just punishment, and protecting the public. *Id.* Needham appealed.

3

A district court may, in an exercise of its discretion, reduce a defendant's term of imprisonment by granting a motion brought under § 3582(c)(1)(A)—the "compassionate release" provision—if (1) the defendant has exhausted administrative remedies, (2) a sentence reduction is consistent with the § 3553(a) sentencing factors, and (3) extraordinary and compelling circumstances warrant a reduction. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). We review the denial of such a motion for abuse of discretion. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). Under this deferential standard, we will affirm unless the district court has made an erroneous legal ruling, a clearly erroneous factual assessment, or has otherwise issued a decision outside "the range of permissible decisions." *Keitt*, 21 F.4th at 71 (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

Because the district court determined that the § 3553(a) factors weighed against reducing Needham's sentence regardless of whether her circumstances were extraordinary and compelling, and a district court can deny compassionate release "in sole reliance on the applicable § 3553(a) sentencing factors," *id.* at 73, we focus only on the sentencing factors here. The factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)–(2).

Here, the district court reasonably evaluated the § 3553(a) factors, citing to Needham's lengthy and "most serious" criminal history. *Needham*, 2022 WL 19769 at *4. The district court

4

incorporated by reference the findings made at Needham's prior sentencings and found that the seriousness of her offense and the need to protect the public outweighed her legitimate strides at rehabilitation. *See id.*

To the extent that Needham argues that the district court should have given more weight to her rehabilitation or to the fact that she had little time left on her sentence or that she was unlikely to reoffend, not only did the court consider these factors, but "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond [this Court's] review, as long as the sentence ultimately imposed is reasonable." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted). Moreover, Needham's sentence still represents a significant downward departure from her guidelines range.

The district court's balancing of the sentencing factors was not an abuse of discretion. We have considered Needham's remaining arguments and find them to be unavailing or without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court