*United States v. Santiago*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT"S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-three.

PRESENT:

> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> JOHN L. SINATRA, JR.,
> *District Judge*.*

_____

UNITED STATES OF AMERICA,

       *Appellee*,

    v.                                         No. 22-662

DAVID SANTIAGO, AKA BORI,

       *Defendant-Appellant*.†

_____

\* Judge John L. Sinatra, Jr., of the United States District Court for the Western District of New York, sitting by designation.

† The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Defendant-Appellant:**     Karloff Clyton Commissiong, Adams & Commissiong LLP, New York, NY.

**For Appellee:**     David W. Denton, Jr., Hagan Scotten, Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Valerie Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

David Santiago appeals from the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On June 25, 2018, Santiago pleaded guilty to participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). The district court then imposed a sentence of 60 months' imprisonment, to be followed by three years' supervised release, with the term of imprisonment to run consecutive to a sentence imposed in a separate case. In May 2020, having served none of the 60 months' term of

imprisonment on the relevant sentence, Santiago moved pro se for compassionate release pursuant to the First Step Act of 2018. Under that statute, a district court may, in its discretion, grant a sentence reduction if, "after considering the [applicable] factors set forth in [18 U.S.C. §] 3553(a)," the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, a district court may deny a motion for compassionate release if it determines that a defendant has failed to make the requisite showing regarding extraordinary and compelling reasons *or* that the section-3553(a) factors, on balance, do not warrant a sentence reduction. *See United States v. Keitt*, 21 F.4th 67, 73 & n.4 (2d Cir. 2021).

On June 29, 2020, the district court denied Santiago's motion, concluding that he had failed to demonstrate extraordinary and compelling reasons and that, even if he had, the section-3553(a) factors did not warrant a sentence reduction. More specifically, the district court rejected Santiago's asserted extraordinary and compelling reasons based on prison conditions during the COVID-19 pandemic, his weight, and his diagnosis of cellulitis, finding that "there is no evidence that cellulitis increases his risk of severe illness or death were he to contract COVID-19," and that "although [he] states that he is obese, . . . which increases his risk of

3

severe illness or death were he to contract COVID-19, he does not currently have COVID-19" and "is an otherwise healthy 36 year-old." App'x at 215–16. About two years later, Santiago filed a renewed pro se motion for compassionate release – making essentially the same arguments as he did in his first motion. On March 8, 2022, the district court again denied the motion, stating that "[f]or the reasons already stated in the [c]ourt's June 29, 2020 [o]rder, [Santiago] fails to demonstrate 'extraordinary and compelling reasons' warranting a sentence reduction." *Id.* at 218.

Santiago now appeals from the district court's March 8, 2022 order. "We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). "[A] district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted).

Santiago presents only one argument pertinent to the district court's denial of his renewed motion for compassionate release: that the district court overlooked the ways in which the especially harsh and restrictive prison

4

conditions imposed during pandemic lockdowns might present extraordinary and compelling circumstances for Santiago, who has a history of mental health issues, trauma, and substance abuse.[1] To be sure, in deciding whether to grant a compassionate-release motion, the district court can consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). But Santiago, in his renewed motion (as in his first motion), did not bring before the district court allegations that the prison conditions during the pandemic presented extraordinary and compelling circumstances in light of his past trauma, substance-abuse history, and mental-health issues. To the contrary, Santiago repeatedly asserted only that his *physical ailments*, combined with pandemic prison conditions, were the root of his compassionate-release motion. Because Santiago's *mental-health*-based argument was not presented to the district court, we decline to consider it for the first time on appeal and instead affirm the district

---

[1] Santiago also contends that the district court failed to meaningfully consider his individual history and characteristics when conducting its section-3553(a) factor analysis. The district court, however, denied Santiago's renewed compassionate-release motion solely because he had failed to demonstrate extraordinary and compelling reasons – a sufficient ground upon which the district court could deny the motion, and a sufficient ground upon which we can affirm. *See Keitt*, 21 F.4th at 73 & n.4.

court's determination that Santiago's preserved contentions did not amount to extraordinary and compelling circumstances. *See Zerilli–Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 76 n.2, 80 (2d Cir. 2003) (holding that an argument not presented to the district court, even by a party proceeding pro se, is forfeited); *United States v. Robinson*, No. 21-1865, 2022 WL 2204126, at *3 n.1 (2d Cir. June 21, 2022) (in the compassionate-release context, declining to consider an argument, raised for the first time on appeal, that obesity increased the risk of contracting COVID-19). Simply put, we cannot say that the district court abused its discretion by failing to consider an argument that was never made.

We have considered Santiago's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6