21-1538-cr
*United States v. Miller*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

**United States of America,**

> *Appellee,*

> v.                                                               **21-1538**

**Melvin Miller,**

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Melvin Miller, *pro se*, Hopewell, VA. |
| **FOR APPELLEE:** | Rajit S. Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from an order of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court denying compassionate release is **AFFIRMED**.

In 2008, Melvin Miller pleaded guilty to possession with intent to distribute cocaine and was sentenced to 262 months' imprisonment. In 2021, Miller moved, initially *pro se* but then with the assistance of counsel, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic, his wife's medical conditions, and intervening changes in the law that, he asserts, mean he should no longer be considered a "career offender" under the United States Sentencing Guidelines. On June 17, 2021, the district court denied the motion, reasoning that the 18 U.S.C. § 3553(a) sentencing factors weighed against early release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

2

Section 3582(c)(1)(A) provides that a district court "may" reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)," if it finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). If a defendant is eligible for a reduction, the district court "must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

In support of his motion for compassionate release, Miller first argues that the district court erred by failing to consider the fact that, had he been sentenced today, it would have been to a significantly reduced term, as he would not be subject to the career offender enhancement. Construing this assertion as an argument that the district court failed to consider the kinds of sentences available, or the sentencing range established under 18 U.S.C. § 3553(a)(3) and (4), there is no basis for finding an abuse of discretion. The district court considered the issue of Miller's career offender status but concluded that the other § 3553(a) factors outweighed it. For example, the court relied on the fact that Miller had thirteen prior state convictions (many of which were controlled substances offenses), committed the federal offense while on probation, and had a substantial history of disciplinary infractions from his time in prison. In so doing, the district court properly considered the § 3553(a) factors, such as the seriousness of Miller's offense and the need for deterrence, in concluding that a sentence reduction was not warranted. *See* 18 U.S.C. § 3553(a)(2)(A)–(B). Moreover, this Court accords the greatest deference to the district court's decision as to how to weigh each of the § 3553(a) factors. *See United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) ("While a district court must consider each § 3553(a)

3

factor in imposing a sentence, the weight given to any single factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." (internal quotation marks omitted)).

Finally, Miller also argues that he presented extraordinary and compelling circumstances—such as his health, his wife's health, and the spread of COVID-19 in his prison—that warrant compassionate release. This argument is also unavailing. Because the district court already found that a reduction in sentence was not warranted under § 3553(a), it was not required to address whether Miller presented any extraordinary and compelling circumstances. *See United States v. Keitt*, 21 F.4th 67, 69, 73 (2d Cir. 2021) ("[W]hen a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

We have considered Miller's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court denying compassionate release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4