22-626-cr
*Peng v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand twenty-three.

PRESENT:
> DENNY CHIN,
> STEVEN J. MENASHI,
> > *Circuit Judges,*
> PAUL A. ENGELMAYER,
> > *District Judge.*∗

_____

You Zhong Peng,

> *Petitioner-Appellant,*

> v.                                                                      22-626

United States of America,

> *Respondent-Appellee.*

_____

_____

∗Judge Paul A. Engelmayer of the United States District Court for the Southern District of New York, sitting by designation.

*For Petitioner-Appellant:*          You Zhong Peng, pro se, Pine Knot, KY.

*For Respondent-Appellee*:          Irisa Chen, Jo Ann M. Navickas, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

You Zhong Peng, pro se and incarcerated, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Alongside several codefendants, Peng was convicted for his role in the "Plum Blossom Gang," receiving a statutory mandatory life sentence for hostage-taking plus 25 years for two firearms charges. We affirmed the conviction on direct appeal from the denial of a motion for a new trial. *See United States v. Chen*, No. 97-1227, 1997 WL 768376 (2d Cir. Dec. 15, 1997).

In 2020, Peng moved pro se for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), based primarily on his medical conditions. He initially withdrew his motion but sought to reinstate it in January 2022, arguing that his health conditions, his rehabilitation, and intervening changes in the law constituted extraordinary and compelling reasons warranting release. The district court denied the motion with the following order:

Defendant's motion for compassionate release is denied. His criminal conduct was horrific in nature and has stayed in my mind until this

2

day, almost twenty-five years after his trial. Along with his accomplices, he "held ... three victims for more than one week in a basement apartment" and "made numerous calls to the victims' families in China demanding ransom money for the victims' safe release." While holding the victims captive, the defendant and the others "repeatedly beat the victims" and "repeatedly raped the two female victims." They also "chopped off a victim's finger in order to demonstrate the seriousness of their threats." Then, "frustrated in their attempts to obtain the ransom money, the kidnappers shot the male victim in the head and left him for dead and strangled to death one of the female victims." For these actions, Defendant received a statutorily mandated lifetime sentence.

In light of his sickening conduct and the associated mandatory sentence, I find that … "the applicable § 3553(a) sentencing factors" do not support reducing Defendant's sentence. Nor do I find that "[D]efendant has shown extraordinary and compelling reasons that might … justify a sentence reduction."

Text Order, No. 98-CV-7697 (E.D.N.Y. Feb. 8, 2022) (citations omitted). Peng appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review the denial of compassionate release for abuse of discretion. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.* (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)). The district court's discretion in this context is "broad." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

Section 3582(c)(1)(A) provides that a district court "may" reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)" if it finds that "extraordinary and compelling reasons warrant such a

3

reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *Brooker*, 976 F.3d at 237. A district court may deny a motion based solely on the 18 U.S.C. § 3553(a) sentencing factors. *See Keitt*, 21 F.4th at 73. Those sentencing factors include, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense," to deter criminal conduct, and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)-(2). Furthermore, "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted).

Even if Peng had demonstrated that his rehabilitation and unusually long sentence constituted "extraordinary and compelling reasons," the district court did not abuse its discretion in denying a sentence reduction based on the § 3553(a) factors, including the nature and circumstances of the offense. To the extent that Peng argues that the district court did not adequately consider his rehabilitation when weighing the § 3553(a) factors, we presume that the district court considered all relevant § 3553(a) factors "unless the record suggests otherwise." *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022). The record here does not indicate that the district court failed to consider any relevant factor. Moreover, a defendant's "[m]ere disagreement with how the district court balanced the § 3553(a) factors … is not a sufficient ground for finding an abuse of discretion." *Id.* at 569 (internal quotation marks omitted).[1]

---

[1] We note that another panel of this court recently affirmed the denial of a motion for compassionate release sought by one of Peng's codefendants. In that case, the district

4

We have considered Peng's remaining arguments, which we conclude are without merit. Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

court similarly emphasized the nature and circumstances of the offense. *See United States v. Chen*, No. 22-765, 2023 WL 2229367, at \*1 (2d Cir. Feb. 27, 2023) ("The district court … did not abuse its discretion by denying Chen's motion for compassionate release based on the serious underlying offense conduct.").