22-1309-cr
*United States v. Stephens*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand twenty-three.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

    v.                                  22-1309-cr

JAMES T. STEPHENS,

     *Defendant-Appellant.*

_____

For Defendant-Appellant:                          Jay S. Ovsiovitch, Federal Public Defender's Office, Western District of New York, Rochester, NY.

For Appellee:                          Charles M. Kruly, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Rochester, NY.

Appeal from an order of the United States District Court for the Western District of New York (Wolford, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 6, 2022 order of the district court is **AFFIRMED**.

Defendant-Appellant James T. Stephens, through counsel, appeals the district court's denial of his *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). The district court held that Stephens failed to show extraordinary and compelling reasons warranting early release and that the applicable § 3553(a) factors did not justify a sentence reduction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In January 2020, Stephens pleaded guilty to a two-count information charging him with (1) possession of fentanyl with intent to distribute, under 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and (2) possession of a firearm after being convicted of a felony under 18 U.S.C. § 922(g)(1). These charges stemmed from criminal conduct Stephens committed while on parole for a state felony offense and involved the distribution of multiple illegal substances and discovery of two loaded firearms, neither of which he possessed legally. He was sentenced principally to 80 months' imprisonment.

2

In April 2022, Stephens, acting *pro se*, moved for a sentence reduction pursuant to § 3582(c)(1)(A). He argued that his medical conditions, including asthma and idiopathic thrombocytopenia (a blood disorder), presented a risk of severe illness or death from COVID-19 at his prison facility, and that he had engaged in good behavior and participated in various prison programs and services (such as drug treatment) during the period of his incarceration.

On June 6, 2022, the district court denied the motion, finding first that Stephens had not demonstrated the requisite extraordinary or compelling reasons to justify a sentence reduction under § 3582(c)(1)(A)(i). The district court acknowledged that Stephens's medical records established health conditions that presented a risk of severe consequences from COVID-19. However, because of his refusal to obtain an available vaccine and because the virus was then under control at his prison facility, it rejected Stephens's argument that he had demonstrated extraordinary or compelling reasons for his release.

The district court also determined that the applicable § 3553(a) sentencing factors weighed against a sentence reduction. In declining to grant early release, the court considered the § 3553(a) factors, including the nature and circumstances of the offense and Stephens's criminal history. Looking at "the underlying nature of [his] conviction, coupled with his criminal history," the district court wrote that it "continue[d] to believe that the 80-month prison sentence was reasonable and appropriate." Joint App'x at 59. In support of its conclusion, the district court further explained that, while on parole for his state felony offense, Stephens "was involved in the ongoing distribution of multiple dangerous illegal substances, including fentanyl" and "[w]hen law enforcement searched his residence in June 2019 they seized two loaded firearms, despite the fact that it was illegal for [him] to possess them." *Id.* And despite Stephens's contention below

3

that he had demonstrated good behavior, with which the district court agreed and for which it "commend[ed] him," it ultimately decided that "[t]hese actions may place him in a better position at the time he is released back into society, but they do not justify his early release." *Id.* In the end, the court ruled that compassionate release would be inconsistent with the § 3553(a) factors and "would seriously undermine the fairness and purpose of the original sentence." *Id.* at 60.

A district court may reduce a defendant's term of imprisonment by granting a motion brought under § 3582(c)(1)(A) if (1) the defendant has exhausted administrative remedies, (2) a sentence reduction is consistent with the § 3553(a) sentencing factors, and (3) extraordinary and compelling circumstances warrant a reduction. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). We review the denial of such a motion for abuse of discretion. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). Under this deferential standard, we will affirm unless the district court has made an erroneous legal ruling, a clearly erroneous factual assessment, or has otherwise issued a decision outside "the range of permissible decisions." *Keitt*, 21 F.4th at 71 (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

Here, the district court reasonably determined that the § 3553(a) factors weighed against a sentence reduction. And Stephens's brief does not challenge the district court's denial of the motion on this ground. Because we discern no abuse of discretion in the district court's analysis of the § 3553(a) factors, we affirm without deciding whether Stephens has made a showing of extraordinary and compelling reasons. *Keitt*, 21 F.4th at 69 ("[W]e today make clear that when a district court denies a defendant's motion under § 3852(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence

4

reduction.").

We have considered Stephens's remaining arguments and find them to be without merit. The district court did not exceed the permissible bounds of its discretion in denying Stephens's compassionate release motion.   Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court