*United States v. Siraj*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-four.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                    No. 23-6308

SHAHAWAR MATIN SIRAJ,

> *Defendant-Appellant.*

_____

**For Defendant-Appellant:** MUDASSAR HAYAT TOPPA (Naz Ahmad, Arpita Vora, Local Rule 46.1(e) Law Student, Alexis Donovan, Local Rule 46.1(e) Law Student, *on the brief*), CLEAR Clinic, Main Street Legal Services, Inc., CUNY School of Law, Long Island City, NY.

**For Appellee:** NINA C. GUPTA (David C. James, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*) denying Appellant's motion for compassionate release.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 20, 2023 order of the district court is **AFFIRMED**.

Shahawar Matin Siraj, a federal inmate serving a 360-month sentence for terrorism-related offenses, appeals from an order of the district court denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

In May 2006, Siraj was convicted after a jury trial on charges arising from his participation in a plot to bomb the 34th Street-Herald Square subway station in Manhattan in retaliation for U.S. military intervention in the Middle East. Specifically, the jury determined that Siraj conspired to: (1) maliciously damage or destroy property by means of an explosive, in violation of 18 U.S.C. § 844(i) and (n); (2) wreck, derail, or disable a mass transportation vehicle, in violation of 18 U.S.C. § 1933(a)(1) and (a)(8); (3) place a destructive device in, upon, or near a facility used in the operation of a public transportation vehicle, in violation of 18 U.S.C. § 1993(a)(3) and (a)(8); and (4) unlawfully deliver, place, discharge, or detonate an explosive device in a public transportation system, in violation of 18 U.S.C. § 2332f(a)(2) and (a)(1)(B). The district court sentenced Siraj to 360 months' imprisonment – at the bottom of the advisory sentencing guidelines range of 360 months' to life imprisonment – to be followed by a life term of supervised release.

In October 2022, after serving just over half of his sentence, Siraj moved for compassionate release under section 3582(c)(1)(A), which authorizes a district court to grant a sentence reduction when a defendant makes a showing of "extraordinary and compelling reasons" and demonstrates that "the factors set forth in section 3553(a)" merit a reduction. 18 U.S.C. § 3582(c)(1)(A). Because

3

both extraordinary and compelling circumstances *and* a favorable assessment of the section 3553(a) factors are required, a district court may deny relief on either ground. *See United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022).

In his motion, Siraj argued that several factors – including his youthful vulnerability to extremism at the time of the offenses, the aggressive surveillance practices of law enforcement during the investigation, the purported disparities between his sentence and those of similarly situated defendants, his rehabilitation while in prison, and the harsh conditions of confinement he experienced in prison – were sufficiently extraordinary and compelling to warrant a sentence reduction. The district court denied the motion, determining that none of the circumstances raised by Siraj constituted an extraordinary and compelling reason justifying relief. In light of that finding, the district court did not reach whether the section 3553(a) factors warranted a reduction. This appeal followed.

We review the denial of a motion for compassionate release for abuse of discretion. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). A district court abuses its discretion when it "(1) base[s] its ruling on an erroneous view of the law, (2) ma[kes] a clearly erroneous assessment of the evidence, or (3) render[s] a decision that cannot be located within the range of permissible decisions." *United*

4

*States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (emphasis and internal quotation marks omitted).

Although Siraj concedes that the district court considered each of the purportedly "extraordinary and compelling reasons" that he proffered in his motion, he contends that the court failed to assess whether those reasons "cumulatively" met the extraordinary and compelling standard required for such relief.   Siraj Br. at 23.   We disagree.

As an initial matter, Siraj mischaracterizes the district court's description of the legal standards governing his motion.   Quoting our decision in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), which held that district courts are "free[] . . . to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," *id.* at 237, the district court acknowledged "that these [reasons] can be evaluated in 'isolation *or* combination,'" Sp. App'x at 4 (emphasis added) (quoting *Brooker*, 976 F.3d at 238), before considering Siraj's reasons "in turn," *id*.   Siraj seizes on the district court's – and *Brooker*'s – use of the disjunctive and insists that the district court only considered his arguments in isolation, not in combination. But the better reading of the district court's language is as an acknowledgement

that if one reason is irrelevant "in isolation," it may become relevant "[in] combination." *See Brooker*, 976 F.3d at 238; *cf. Concepcion v. United States*, 597 U.S. 481, 491 (2022) (describing how, "consistent with their responsibility to sentence the whole person before them," "courts historically have . . . consider[ed] all relevant information" in sentencing proceedings).

Here, the record reflects that the district court considered and rejected each of Siraj's arguments for compassionate release, finding that none of them even slightly favored the granting of his motion. There is nothing in the record to suggest that the district court neglected to assess the cumulative weight of Siraj's arguments. Although Siraj ultimately takes issue with the district court's assessment, our precedent makes clear that disagreement with the district court's conclusion is simply "not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569.

Siraj likewise identifies no facts that the district court overlooked and fails to show that the district court "rendered a decision that cannot be located within the range of permissible decisions." *Saladino*, 7 F.4th at 122. The court considered the letter submitted by Siraj and credited Siraj's statements regarding his rehabilitation as it saw fit. With respect to the lower sentence imposed on

Siraj's codefendant, who was a cooperator, the court considered Siraj's arguments but ultimately found the disparity to be justified, and we see no reason to displace the district court's assessment of the facts for our own. *See United States v. Fernandez*, 104 F.4th 420, 428 (2d Cir. 2024) ("[A] reasonable explanation for a sentencing disparity [i]s readily apparent where there were varying degrees of culpability and cooperation between the various defendants." (internal quotation marks omitted)). And while Siraj identifies a handful of defendants who received similar sentences for conduct that, in his view, was more serious than his own, there can be no doubt that Siraj's conduct was extraordinarily serious, and he has not demonstrated that the sentence he received was an extreme outlier. Again, Siraj simply disagrees with the court's conclusion that the reasons proffered in support of his motion were not sufficiently "extraordinary and compelling" to justify a sentence reduction. But this is a determination that "is best left to the sound discretion of the trial court," *Brooker*, 976 F.3d at 238, and we see no reason to second-guess it on appeal.

\* \* \*

We have considered Siraj's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court