24-1913
*United States v. Young*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-five.

PRESENT:    Dennis Jacobs,
            Denny Chin,
            Steven J. Menashi,
                *Circuit Judges.*

_____

United States of America

            *Appellee,*

    v.                                                      No. 24-1913

Troy Young,

            *Defendant-Appellant.*[*]

_____

_____

[*]  The Clerk of Court is directed to amend the caption as set forth above.

*For Appellee*:                                    Jacqueline C. Kelly, Allison Nichols, and Olga I. Zverovich, Assistant United States Attorneys, *for* Edward Y. Kim, Acting United States Attorney for the Southern District of New York, New York, New York.

*For Defendant-Appellant*:                 Michael K. Bachrach, Law Office of Michael K. Bachrach, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

In February 2017, Troy Young participated in a shooting at a party that resulted in the death of a rival gang member and left Young paralyzed from the chest down. Young was sentenced to a term of 180 months of imprisonment for racketeering conspiracy and his role in the shooting. This appeal arises from Young's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Young argued that his physical condition and the substandard care that he was receiving in prison were "extraordinary and compelling reasons" justifying his release. 18 U.S.C. § 3582(c)(1)(A)(i). The district court assumed that Young had identified extraordinary and compelling reasons for purposes of the motion, but it still denied the motion based on the factors in 18 U.S.C. § 3553(a). Young argues that the district court abused its discretion by denying his motion. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I**

We review a district court's denial of a motion for compassionate release for abuse of discretion. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). "A

2

district court has broad discretion when considering a motion for compassionate release." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Keitt*, 21 F.4th at 71 (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

A district court may reduce a term of imprisonment when a defendant shows that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[T]here are three requirements that must be satisfied before a court can grant such relief," *Keitt*, 21 F.4th at 71, two of which are relevant to this appeal. First, "a court must 'consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable.'" *Id.* (alterations omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)). Second, "the inmate must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *Id.* "Because both extraordinary and compelling circumstances and a favorable assessment of the section 3553(a) factors are required, a district court may deny relief on either ground." *United States v. Johnson*, No. 23-7807, 2025 WL 100622, at *1 (2d Cir. Jan. 15, 2025). In other words, a district court may "den[y] a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) factors." *Keitt*, 21 F.4th at 73.

## II

The government argues that Young failed to timely file a notice of appeal from the order of the district court denying his motion. Federal Rule of Appellate Procedure 4(c)(1)—which codifies the "prison mailbox rule"—provides that an inmate's notice of appeal is timely if it is deposited in the prison mail system before the last day for filing and is accompanied by either "(i) a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit

3

and stating that first-class postage is being prepaid; or (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid." Fed. R. App. P. 4(c)(1)(A)(i)-(ii). Although the prison mailbox rule is not jurisdictional, the rule is mandatory when the government objects to the timeliness of an appeal. *See United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008).

The district court entered judgment denying Young's motion on June 26, 2024. Young had until July 10—fourteen days after the district court entered judgment—to file his notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). Young's notice of appeal arrived at the district court on July 15 unaccompanied by a declaration or notarized statement. Instead, Young included a handwritten certificate of service dated July 7 stating: "I hereby certify that a [t]rue & [c]orrect copy was furnished by U.S. Postal Service to the [l]isted [p]arty." App'x 180. But Young failed to specify when he gave the notice of appeal to prison staff or whether postage was prepaid. The certificate of service therefore did not comply with Rule 4(c)(1)(A)(i). Young argues that the certificate satisfied Rule 4(c)(1)(A)(ii) because he provided evidence that the "notice was so deposited and that postage was prepaid." After all, the certificate was dated July 7 and the notice of appeal arrived at the courthouse bearing a stamp.

We need not pursue the matter further, however, because—regardless of whether Young complied with Rule 4(c)(1)—he cannot prevail on appeal. The district court did not abuse its discretion by denying the compassionate-release motion based on the § 3553(a) factors. The district court assumed that Young's medical condition and the care he was receiving in prison established "extraordinary and compelling circumstances" under 18 U.S.C. § 3582(c)(1)(A)(i). App'x 176-77. But the district court determined that these circumstances were outweighed by the relevant § 3553(a) factors. The district court emphasized (1) the "incredibly dangerous" nature of Young's offense, (2) Young's criminal history, (3) that Young's previous sentences did not deter him from committing the offense in this case, and (4) that releasing Young after serving less than seven years would

4

not "sufficiently account for the seriousness of the offense, the harm to the victim or the harm to the community." *Id.* at 177-78. The district court worried that releasing Young at such an early point in his sentence "would not be just punishment and would undermine respect for the law." *Id.* at 178. Accordingly, the district court concluded that "the § 3553(a) factors dictate that [Young] remain behind bars." *Id.* This reasoning was supported by the record, and the district court did not abuse its discretion by denying Young's motion based on those factors.

Young's arguments to the contrary are unpersuasive. First, Young argues that the district court minimized his conditions of imprisonment while placing too much weight on the nature of his offense and his criminal history. That is incorrect. The district court explained it was "in no way minimiz[ing] the suffering and indignities that [Young]'s paralysis causes" and that "if [Young] accurately describe[d] the care he [was] receiving, it [was] wholly insufficient." *Id.* at 176. But the district court decided that the factors recounted in its order outweighed those considerations. "The weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted). Young's "disagreement with how the district court balanced the § 3553(a) factors … is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569 (internal quotation marks omitted).

Second, Young argues that the district court misunderstood the record when it stated that he "did not take the court up on its offer to make a recommendation" for his transfer to a federal medical center. Appellant's Br. 10 (quoting App'x 176). Wrong again. As the district court explained, Young was initially placed in a federal medical center after his plea hearing but requested a transfer to prison days later. Between the date of Young's transfer and the date of the district court's order at issue in this appeal, Young did not request that the district court recommend his transfer back to a federal medical center. The district court accurately described the record in this case.

Regardless, nothing in the district court's order or in the record indicates that this issue affected the district court's decision to deny Young's motion. The district court discussed the issue in a single sentence in the body of the order and in an accompanying footnote. Immediately after that discussion, the district court assumed for purposes of the motion that Young had established extraordinary and compelling reasons supporting his release. Moreover, after Young filed his notice of appeal, he filed a *pro se* letter asking the district court to recommend his transfer to a federal medical center. The district court endorsed Young's letter, so it has granted the relief of making a recommendation to the Bureau of Prisons. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.").

* * *

We have considered Young's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6