24-3268-cr (L)
*United States v. Cammacho*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-six.

PRESENT:
> REENA RAGGI,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.

Eric Alpeter, Jason Alpeter, Roderick Longo, Christopher Smith, Brian A. Merrifield, Justin Benevento, Richard Warren, Jamie Phillips, Anthony DeJohn, Joshua Young, John Berardi, Frank Letizia, Christopher Rawlins, Michael Hirsh,

24-3268 (L),
24-3306 (Con)

*Defendants,*

**Alexander Elliott, AKA Sealed Defendant #5, AKA Alex Camacho, Alexander Cammacho, AKA Alexander Elliot, Alex Cammacho**

*Defendant-Appellant.*\*

---

| | |
|---|---|
| **FOR APPELLEES:** | Thomas R. Sutcliffe (Geoffrey J.L. Brown, *on the brief*), Assistant United States Attorneys, *for* John A. Sarcone III, Acting United States Attorney for the Northern District of New York, Syracuse, NY. |
| **FOR DEFENDANT-APPELLANT:** | Alexander Cammacho, *pro se*, Lewisburg, PA. |

Appeal from an order of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court, entered on November 21, 2024, is **AFFIRMED**.

---

\* The Clerk's Office is respectfully directed to amend the caption as reflected above.

Alexander Cammacho (AKA Alexander Elliott), pro se and incarcerated, appeals from the District Court's denial of his second motion for a sentence reduction. In 2018, Cammacho pleaded guilty to narcotics conspiracy. In 2020, the District Court sentenced Cammacho to, principally, 140 months' imprisonment. In June 2024, Cammacho filed a pro se motion for a sentence reduction, which the District Court denied. In August 2024, Cammacho filed a second pro se motion for a sentence reduction, under 18 U.S.C. § 3582(c)(1)(A), arguing that changes in the law resulted in him having an unusually long sentence, and that the 18 U.S.C. § 3553(a) sentencing factors weighed in favor of release. The District Court denied the motion, concluding that Cammacho did not demonstrate extraordinary and compelling circumstances and, regardless, the § 3553(a) factors did not warrant a sentence reduction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the denial of a motion for compassionate release for abuse of discretion, which incorporates de novo review with respect to questions of statutory interpretation." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States*

3

*v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (quoting *Saladino*, 7 F.4th at 122).

Under § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," but only "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i); *see also Keitt*, 21 F.4th at 71. Because both extraordinary and compelling circumstances and the § 3553(a) factors must support relief, concluding that either condition is lacking is sufficient to deny relief and for this Court to affirm. *See Keitt*, 21 F.4th at 73.

Here, regardless of whether extraordinary and compelling reasons warranted a sentence reduction, the District Court did not abuse its discretion in concluding that the § 3553(a) factors weighed against relief. We may affirm on that basis alone. *See id*.

The District Court referenced its consideration of the § 3553(a) factors at Cammacho's sentencing, which had occurred four years earlier before the same district judge. The District Court reiterated the serious nature of Cammacho's offense conduct and his prior convictions, which involved the distribution of large quantities of marijuana and a firearm possession charge. Additionally, the District Court noted that Cammacho was the leader of a group that trafficked thousands of kilograms of marijuana during a period of supervised release. The District Court ultimately concluded that a 140-month

4

term of imprisonment remained appropriate in light of the nature and circumstances of the offense, Cammacho's history and characteristics, and the need to protect the public from further crimes.

To the extent Cammacho argues that the District Court's § 3553(a) analysis was inadequate, his contention is without merit. "A district court is presumed to have 'considered all relevant § 3553(a) factors and arguments' unless the record suggests otherwise." *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (per curiam) (quoting *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020)). This Court does not "require 'that a particular factor be given determinative or dispositive weight.'" *Id.* at 571 (quoting *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008)). Overall, Cammacho's "[m]ere disagreement with 'how the [D]istrict [C]ourt balanced the § 3553(a) factors' . . . is not a sufficient ground for finding an abuse of discretion." *Id.* at 569 (quoting *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020)).

In sum, the District Court acted within its discretion in concluding that the § 3553(a) factors did not support a sentence reduction.

Accordingly, we **AFFIRM** the order of the District Court, entered on November 21, 2024.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We deny as moot Cammacho's pending motions to appeal the denial of his motion seeking a sentence reduction.